## Loyal Americans v. Caroline B. Fisher.

1. Verdict—*when, not disturbed.* A verdict based upon conflicting evidence will not be disturbed where no clear preponderance appears in favor of the complaining party and no prejudicial passion appears to have influenced the same.

Action of assumpsit. Appeal from the Circuit Court of Macoupin County; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

George W. Kenney, for appellant.

W. E. P. Anderson and Rinaker & Rinaker, for appellee.

Mr. Justice Gest delivered the opinion of the court.

On November 28, 1900, Dr. Frank B. Fisher made application for membership in the appellant corporation and on December 3, 1900, a benefit certificate was issued to him by appellant payable to appellee, wife of Dr. Fisher and plaintiff in this suit. Dr. Fisher died June 22, 1902, of diabetic coma. This suit is brought on the certificate of membership.

The defendant pleaded the general issue and seven special pleas. Issue was joined on six of the special pleas, demurrer was sustained to the remaining plea and no question arises here upon that plea. Each special plea, except the fourth, is based upon an alleged false answer by Dr. Fisher to a question contained in the application by him made and signed, the pleas averring that the answers were false and known by the applicant to be false at the time they were made and that defendant had no knowledge of their falsity but believed them to be true. The question referred to in each of these pleas, while different in form in each, is shown by the pleas to be the same in substance in all of them. The falsity of the answer is averred in each plea to be in this, that the applicant then had the disease called diabetes, and knew that he had it. The fourth special plea

sets up that Dr. Fisher, at the time he made application, had the disease and knew that he had it; that said disease would have manifested itself in an analysis of his urine by the local examiner, Dr. Spindel; that with the intent to deceive and defraud defendant he induced Spindel to take his (applicant's) word as to the condition of his urine; that applicant was a physician and represented to Spindel that his urine was of specific gravity 1020 and free from sugar; that Spindel, believing such representations, inserted in his report as medical examiner for the defendant, in answer to questions which he as such medical examiner was required to answer and make report of, that the urine of applicant was of straw color, was transparent, was acid, was of specific gravity 1020, and contained no sugar and no albumen; that applicant at the time he so represented to Spindel that his urine was of specific gravity 1020 and free from sugar, knew that such representations were false; that defendant relied upon such representations and so relying issued the certificate.    So far as this fourth plea is concerned there was an utter failure by defendant to make any proof.    The medical examiner, Spindel, was required by the defendant to report to the supreme medical examiner his (Spindel's) answers to certain questions put to him, Spindel.    One question was, "What is the color of urine?    Transparent or opaque?    Acid or alkaline?    Specific gravity?    Does it contain albumen?    Sugar?"    It appears from Spindel's testimony that he made no examination of Dr. Fisher's urine; that he merely asked Dr. Fisher what the condition of his urine was and he replied that it was "normal," and from that answer Spindel made up his report; that is, Fisher expressed the opinion that his urine was normal and Spindel, instead of performing his duty by making examination himself, was content to take Fisher's opinion.    The record is barren of proof that Dr. Fisher in any manner or by any means "induced" or attempted to "induce" Spindel "to take his (applicant's) word as to the condition of his urine."    That plea was manifestly obnoxious to demurrer, but plaintiff waived her demurrer by replying thereto.

A trial was had by jury and verdict rendered for plaintiff for $1,000, upon which the court, after overruling a motion for new trial, entered judgment.

No complaint is made by appellant that the court erred in admitting or rejecting evidence offered, or in giving or refusing instructions. All the instructions offered by defendant were given as asked, and no error in instructions for plaintiff is urged or suggested. Two matters are presented as reasons for the reversal of this judgment: First, that the verdict is against the weight of the evidence; second, that upon certain alleged newly discovered evidence a new trial should have been given to appellant. We have read the evidence with care; a large portion consists of the testimony of medical experts, some on the part of the plaintiff and some for the defendant, and, as usual in such cases, showing a great diversity of opinion. It is not questioned that the plaintiff made a *prima facie* case; the burden was upon defendant to establish its pleas or some one of them; the jury found that defendant had failed to establish any plea: the trial judge has approved their verdict; we cannot say upon this record that judge and jury were clearly wrong; there is evidence to justify the verdict. It would serve no useful purpose to review the evidence in the case. As to the matter of newly discovered evidence, appellant, upon its motion for new trial, presented affidavits made by Dr. German and Dr. Irenaeus. German was a witness upon the trial. In his affidavit he states that he is the successor of a Dr. Purdy, deceased, and as such has the custody and control of the record of medical examinations made by Dr. Purdy, and that such record shows that the urine of Frank B. Fisher was examined by Dr. Purdy on August 2, 1899, August 28, 1899, and February 10, 1900, and further shows that such urine contained sugar in varying quantities stated and was of abnormal specific gravity, which is stated, and further shows in the last examination a trace of albumen. One ground of objection to this affidavit is manifest; the private record of Dr. Purdy would not have been admissible in evidence if it had been offered upon this trial.

Loyal Americans v. Fisher.

Dr. German is not the successor of Dr. Purdy in any legal sense, nor is the so-called record of Dr. Purdy a record in any legal sense which would allow it to be read in evidence.

The affidavit of Dr. Irenaeus is in substance that he is assistant and chemist for Dr. German, and had been assistant and chemist for Dr. Purdy up to his death in January, 1901, and then further states that he made examination of the urine of Dr. Fisher on the dates as above stated in the affidavit of Dr. German and with the findings as therein stated. The matter stated in Dr. Irenaeus' affidavit would have been competent evidence on this trial. No sufficient reason is shown why he was not obtained as a witness upon this trial. One of defendant's witnesses, H. W. Goodfellow, testified of some conversation that he had with Dr. Fisher about the matter of Dr. Fisher going to Chicago to see Dr. Purdy relative to his, Fisher's, disease of diabetes. We will presume that defendant knew what Goodfellow's testimony would be before he testified; that is, defendant had reason to conclude that Dr. Fisher had been treated by Dr. Purdy for diabetes. The most ordinary diligence would require defendant to pursue the inquiry upon which it was put by its information from Goodfellow. That inquiry would have discovered Purdy, if still living, and Irenaeus, and the testimony of the latter could have been used on this trial. No explanation whatever is given for this apparent negligence in failing to prosecute this inquiry. A motion for a new trial upon the ground of newly discovered evidence will be overruled unless it appears that diligence has been used to obtain such evidence upon the former trial. Moreover, the testimony of Dr. Irenaeus, if obtained, would be merely cumulative, not conclusive. There was no error committed by the trial court in refusing a new trial on the ground of newly discovered evidence. There being no reversible error in this record, the judgment will be affirmed.

*Affirmed.*